UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUAN PABLO BARRAGAN-JUAREZ, PLAINTIFF, <br> v. <br> ANGELLINOS RESTAURANT OF VERNON, INC. <br> DEFENDANT | : <br> : <br> : <br> : <br> : <br> : <br> : OCTOBER 28, 2016 <br> : |

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the plaintiff, JUAN PABLO BARRAGAN-JUAREZ, through his undersigned counsel, and files this Complaint and Demand for a Jury Trial against the defendant, ANGELLINOS RESTAURANT OF VERNON, INC.

NATURE OF ACTION

1. This is an individual action for money damages, liquidated damages, costs, attorneys' fees, punitive damages, and other relief as a result of defendant's willful failure to pay compensation due to the plaintiff in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the Connecticut Minimum Wage Act("CMWA"), codified as C.G.S. § 31-58 *et. seq.*

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. §1331.

3. This Court has subject matter jurisdiction over plaintiff's state claims pursuant to 28 U.S.C. §1367 (supplemental jurisdiction).

1

4. Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §1391 because all events or omissions giving rise to the claims took place within the state of Connecticut.

## PARTIES

5. At all times relevant hereto, the plaintiff, Juan Pablo Barragan-Juarez (hereinafter, "Barragan") was a resident of Willimantic, Connecticut.

6. At all times relevant hereto Barragan was an employee of the defendant, ANGELLINOS RESTAURANT OF VERNON, INC. (hereinafter "Defendant") .

7. At all times relevant hereto, Defendant was a Connecticut corporation organized under the laws of the State of Connecticut and having its corporate offices located at 346 Kelly Rd., Vernon, CT, 06066.

8. At all times relevant hereto, ANGELLINOS RESTAURANT OF VERNON, INC., was/is an entity that transacts business within the State of Connecticut and operates an Italian Restaurant in the State of Connecticut under the name of Angellino's Italian Restaurant.

9. At all times relevant hereto, ANGELLINOS RESTAURANT OF VERNON, INC., has been, and continues to be, an employer engaged in interstate commerce within the meaning of the Fair Labor Standards Act ("FLSA) 29 U.S.C. §§ 201 *et seq.*

10. Upon information and belief, ANGELLINOS RESTAURANT OF VERNON, INC.., is at present, and has been at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of The Fair Labor Standards Act of 1938 in that ANGELLINOS RESTAURANT OF VERNON, INC.,  (i)

has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.00.

11. During times relevant hereto, ANGELLINOS RESTAURANT OF VERNON, INC. was Barragan's employer within the meaning of the FLSA and CMWA.

## FACTUAL BACKGROUND

12. Defendant employed Barragan as a cook beginning on or about March, 2013, until about September, 2015 as a cook at the Angellino's Italian Restaurant in Vernon, Connecticut.

13. Barragan's job duties included preparing food, assembling food dishes, and cooking food.

14. Defendant paid Barragan at an hourly rate for the duration of his employment.

15. Barragan never held a position as a supervisor, professional, administrative staff, or manager for the Defendant at any time during his employment.

16. Defendant failed to compensate Barragan for approximately five (5) to six (6) hours per week for the duration of his employment.

17. Barragan worked approximately eleven (11) hours to eleven and a half (11.5) hours on Sundays, Mondays, Thursdays, and Fridays each week.

18. Barragan's shifts would begin around 10:30 a.m. and end at approximately 9:30 p.m. - 10:00 p.m.

19. Barragan was not scheduled to work Tuesdays or Wednesdays.

20. Barragan worked approximately six (6) hours on Saturday from approximately 4:00 p.m. until approximately 10:00 p.m.

21. In total Barragan worked approximately fifty (50) to fifty-three (53) hours per week.

22. Barragan was compensated for approximately forty-five (45) to forty-eight (48) hours per week.

**COUNT ONE:     VIOLATION OF THE FAIR LABOR STANDARDS ACT "FLSA" 29 U.S.C. 201 ET. SEQ.**

23. The plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs numbered 1-22 as if fully set forth herein.

24. Defendant willfully compensated Barragan for fewer hours than he worked each week for the duration of his employment.

25. Defendant willfully failed to pay Barragan any compensation whatsoever for five (5) to six (6) hours of work that he performed each week.

26. In the alternative, Defendant calculated the number of hours Barragan worked each week and then compensated Barragan for all hours worked at his straight time payrate thereby willfully failing to pay Barragan overtime compensation for hours beyond forty (40) that he worked each week.

27. Defendant's conduct was a willful violation of the Fair Labor Standards Act.

28. Defendant failed to post wage and hour posters in their restaurant noticing overtime pay requirements as required by the FLSA.

29. Barragan had no knowledge of his legal right to recover overtime compensation.

30. Because Employer failed to post wage and hour posters and Barragan had no knowledge of his legal right to recover overtime compensation, the statute of limitations should be equitably tolled for the duration of his employment.

31. As a result of the Defendant's willful violation of the Fair Labor Standards Act (FLSA), Barragan has been deprived of earned wages in amounts to be determined at trial.  He is entitled to recover all compensatory damages for unpaid wages, unpaid overtime, liquidated damages, prejudgment interest, attorneys' fees, costs and all other remedies available at law or in equity.

**COUNT TWO:   FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF CONNECTICUT MINIMUM WAGE ACT("CMWA") C.G.S. § 31-58 ET. SEQ.**

32. The plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs numbered 1-31 as if fully set forth herein.

33. Defendant's conduct as set forth in paragraphs 1-32 constitutes a willful violation of the CMWA.

34. Because Defendant failed to post wage and hour posters and Barragan had no knowledge of his legal right to recover overtime compensation, the statute of limitations should be equitably tolled for the duration of Barragan's employment.

35. As a result of the Defendant's willful violation of the Connecticut Minimum Wage Action (CMWA), Barragan has been deprived of earned wages in amounts to be determined at trial.  He is entitled to recover all compensatory damages for unpaid wages, unpaid overtime, liquidated damages, prejudgment interest, attorneys' fees, costs and all other remedies available at law or in equity.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff claims:

1. Unpaid Overtime Wages under the Fair Labor Standards Act and Connecticut General Statutes Section 31-58 et seq.;

2. Backpay;

3. Liquidated damages under the Fair Labor Standards Act;

4. Liquidated damages under C.G. S. Section 31-58 et seq.;

5. Interest and costs;

6. Attorneys' fees, interest and costs under the Fair Labor Standards Act and C.G. S. Section 31-58 et seq.;

7. Punitive damages;

8. Such other relief and further relief as this honorable Court deems just and proper; and

9. A jury trial.

                                    THE PLAINTIFF

                                    JUAN PABLO BARRAGAN-JUAREZ


By:     */s/ NADIM TARABISHY*
        Nadim Tarabishy (ct 28986)
        His Attorney
        Hartford Legal Group, LLC
        241 Main Street, 3rd Floor
        Hartford, CT 06106
        (860) 466 – 4278
        (f)(860) 466 – 4279
        Nadim@HartfordLegalGroup.com